UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LOUD RECORDS, et al.,           )
    Plaintiffs,                 )
                                )
    v.                          )   C.A. No. 04-12439-NG
                                )
DOES 1-5,                       )
    Defendants.                 )

GERTNER, D.J.:

### ORDER RE: EXPEDITED DISCOVERY
December 9, 2004

Upon consideration of plaintiffs' Motion for Leave to Take Immediate Discovery [Document #3], and plaintiffs' supporting memorandum and declaration [Documents ## 4,5], plaintiffs' Motion is hereby **GRANTED**. It is further **ORDERED** as follows:

1. Plaintiffs may take immediate discovery of Boston University to obtain the identity of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each defendant. No further information about the Doe defendants shall be revealed;

2. Plaintiffs may use the information obtained by this Rule 45 subpoena solely for the purpose of protecting plaintiffs' rights under the Copyright Act;

3. Plaintiffs shall attach the Court Directed Notice Regarding Issuance of Subpoena, a copy of which is

      attached to this Order, to their Rule 45 subpoena. The Rule 45 subpoena shall instruct Boston University to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.

4. Boston University shall not respond to the Rule 45 subpoena until fourteen days after each Doe defendant has received the Notice.

5. Any future notices to any defendant in this case or any related case filed in the District of Massachusetts must be pre-approved by the Court and filed in the record.

**SO ORDERED.**

**Dated: December 9, 2004**        **s/ NANCY GERTNER U.S.D.J.**

**COURT-DIRECTED NOTICE**
**REGARDING ISSUANCE OF SUBPOENA**

     A subpoena has been issued directing Boston University, your Internet Service Provider ("ISP") to disclose your name.  The subpoena has been issued because you have been sued in the United States District Court for the District of Massachusetts in Boston, Massachusetts, as a "John Doe" by several major record companies.  You have been sued for infringing copyrights on the Internet by uploading and/or downloading music.  The record companies have identified you only as a "John Doe" and have served a subpoena on your ISP to learn your identity.  This notice is intended to inform you of some of your rights and options.

**YOUR NAME HAS NOT YET BEEN DISCLOSED.**
**YOUR NAME WILL BE DISCLOSED IN 14 DAYS IF YOU DO NOT**
**CHALLENGE THE SUBPOENA**

     Your name has not yet been disclosed.  The record companies have given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not yet decided whether you are liable for infringement.  You can challenge the subpoena in Court.  You have 14 days from the date that you received this notice to file a motion to quash or vacate the subpoena.  If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the companies cannot proceed against you until you are identified).  The second page of this notice can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena.  If you do not file a motion to quash, at the end of the 14 day period, your ISP will send the record company plaintiffs your identification information.

**OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU**

     To maintain a lawsuit against you in the District Court of Massachusetts, the record companies must establish jurisdiction over you in Massachusetts.  If you do not live or work in Massachusetts, or visit the state regularly, you may be able to challenge the Massachusetts court's jurisdiction over you.  If your challenge is successful, the case in Massachusetts will be dismissed, but the record companies may be able to file against you in another state where there is jurisdiction.

     The record companies may be willing to discuss the possible settlement of their claims against you.  The parties may be able to reach a settlement agreement without your name appearing on the public record.  You may be asked to disclose your identity to the record companies if you seek to pursue settlement.  If a settlement is reached, the case against you will be dismissed.  It is possible that defendants who seek to settle at the beginning of a case will be offered more favorable settlement terms by the record companies.  You may contact the record companies' representatives by phone at (617) 832-1000, or by fax at (617) 832-7000.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

**RESOURCE LIST**

The organizations listed below provide guidance on how to find an attorney. If you live in or near Massachusetts or Boston, the second and third listings below provide referrals for local attorneys.

American Bar Association
http://www.abanet/org/legalservices/findlegalhelp/home.htm

Massachusetts Bar Association
http://www.massbar.org
Lawyer referral service - (617) 338-0610

Boston Bar Association
http://www.bostonbar.org
Lawyer referral service - (617) 742-0625

The organizations listed below have appeared before other courts around the country in similar lawsuits as "friends of the court" to attempt to protect what they believe to be the due process and First Amendment rights of Doe defendants.

Electronic Frontier Foundation
454 Shotwell Street
San Francisco, California 94110-1914
email: RIAAcases@eff.org

Public Citizen
1600 20th Street, NW
Washington, DC 20009
phone: (202) 588-7721
email: litigation@citizen.org